IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MILLER CONSTRUCTION CO., LTD., *et al.*,<br><br>   Plaintiffs,<br><br>   v.<br><br>ZURICH AMERICAN INSURANCE CO., *et al.*,<br><br>   Defendants.<br><br>ZURICH AMERICAN INSURANCE CO., *et al.*,<br><br>   Counterclaim and<br>   Third-Party Plaintiffs,<br><br>   v.<br><br>MILLER CONSTRUCTION CO., LTD., *et al*.,<br><br>   Counterclaim and<br>   Third-Party<br>   Defendants. | Case No. 1:24-cv-00007-SLG |

**ORDER ON FRCP 12(c) MOTION TO DISMISS**

Pending before the Court at Docket 38 is Zurich American Insurance Company ("Zurich") and Fidelity and Deposit Company of Maryland's ("F&D") (collectively, the "Sureties") FRCP 12(c) Motion to Dismiss. Plaintiffs Miller Construction Company, LTD ("MCC") and Kemp Engineering, LLC's ("KE")

(collectively, the "Plaintiffs") responded in opposition at Dockets 41 and 42, respectively.[1] The Sureties replied at Docket 43.

The Court took the motion under advisement following oral argument on January 30, 2025.[2] For the reasons set forth below, the Sureties' FRCP 12(c) Motion to Dismiss is GRANTED.

## BACKGROUND[3]

In May 2016, MCC and the Alaska Department of Transportation and Public Facilities ("DOT&PF") entered into a contract related to a highway construction project known as KTN: Ketchikan Road to Shelter Cove; Stage 2 (the "Shelter Cove Project").[4] Under the contract, MCC was to construct a one-lane gravel road with turnouts that would connect the Ketchikan road network and the Shelter Cove road network.[5] As required by the contract between MCC and DOT&PF, MCC obtained payment and performance bonds from the Sureties, naming MCC as principal and the State of Alaska as obligee.[6]

---

[1] The filings at Dockets 41 and 42 are identical. For ease of reference, the Court will exclusively refer to Docket 41.

[2] Docket 50.

[3] These background facts are mostly drawn from the allegations in Plaintiffs' Complaint, which the Court generally takes as true for purposes of the present motion. *See Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1068 (9th Cir. 2020). However, the Court "does not . . . accept as true allegations that contradict matters properly subject to judicial notice." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

[4] Docket 1-1 at ¶ 8.

[5] Docket 1-1 at ¶ 8.

[6] Docket 1-1 at ¶ 9; Docket 18 at 22-23, ¶ 16.

Case No. 1:24-cv-00007-SLG, *Miller Constr. Co., et al. v. Zurich Am. Ins. Co., et al.*
Order on FRCP 12(c) Motion to Dismiss
Page 2 of 16
Case 1:24-cv-00007-SLG   Document 57   Filed 04/16/25   Page 2 of 16

## A. MCC Entered in an Indemnity Agreement with the Sureties.

MCC also entered into a General Indemnity Agreement (the "Indemnity Agreement" or "the Agreement") with the Sureties.[7] As part of the Indemnity Agreement, MCC agreed to indemnify the Sureties against "all liability and Loss."[8] Specifically, the Agreement's Indemnity provision states that:

> Indemnitors shall exonerate, indemnify, and hold Surety harmless from any and all liability and Loss, sustained or incurred, arising from or related to: (a) any Bond, (b) any Claim, (c) any Indemnitor failing to timely and completely perform or comply with this Agreement, (d) Surety enforcing this Agreement or (e) any act of Surety to protect or procure any of Surety's rights, protect or preserve any of Surety's interests, or to avoid, or lessen Surety's liability or alleged liability.[9]

"Loss" is defined in the Agreement as "all premiums due to Surety and any and all liability, loss, Claims, damages, court costs and expenses, attorneys' fees (including those of Surety), consultant fees, and all other costs and expenses, including but not limited to any additional or extra-contractual damages arising from Surety's Settlement of any Claim."[10]

---

[7] Docket 1-1 at ¶ 11; *see also* Docket 18-1 (the Indemnity Agreement). A court may consider documents relied on in a complaint without converting the motion for judgment on the pleadings to one for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001), *abrogated on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

[8] Docket 18-1 at ¶ 2.

[9] Docket 18-1 at ¶ 2.

[10] Docket 18-1 at ¶ 30.

Case No. 1:24-cv-00007-SLG, *Miller Constr. Co., et al. v. Zurich Am. Ins. Co., et al.*
Order on FRCP 12(c) Motion to Dismiss
Page 3 of 16
Case 1:24-cv-00007-SLG   Document 57   Filed 04/16/25   Page 3 of 16

The Indemnity Agreement also includes provisions guaranteeing the Sureties rights with respect to claims against MCC arising out of the Shelter Cove Project. A right-to-settle provision provides:

> SURETY'S RIGHT TO PERFORM, SETTLE AND/OR MODIFY: Surety shall have the absolute and unconditional right and is authorized but not required to: (a) adjust, pay, perform, decline to perform, compromise, settle, deny, litigate or otherwise resolve any Claim and/or any claim, counterclaim, defense or setoff held by or made against any Indemnitor, Principal or other entity and/or to take any action to protect any rights of Surety or to preserve or protect Surety's interests, or to avoid or lessen any alleged liability (hereinafter, "Settlement") . . . . Any Settlement and/or Modification by Surety shall be final, binding and conclusive upon Indemnitors. Indemnitors shall remain bound under this Agreement for all Loss even though any such Settlement or Modification by Surety does or might substantially increase the liability of Indemnitors.[11]

Another provision assigns as collateral "all right, title, and interest of one or more Indemnitors in the following, wherever located, and whenever acquired or arising: (a) all Bonded Contracts . . . [and] (d) all sums which are or may become payable in connection with any Bonded Contract and all other contracts in which any Indemnitor has an interest."[12] Finally, as relevant here, the Indemnity Agreement contains a power of attorney provision, in which MCC

> appoint[s] . . . Surety, and any persons designated by Surety, as their attorney-in-fact, with the right, but not the obligation, to exercise all of the rights of Indemnitors pledged, assigned, transferred, and set over to Surety in this Agreement, including, in the name of Indemnitors to make, execute, and deliver any and all assignments or documents deemed necessary and proper by Surety in order to exercise its rights,

---

[11] Docket 18-1 at ¶ 3.

[12] Docket 18-1 at ¶¶ 5, 30.

Case No. 1:24-cv-00007-SLG, *Miller Constr. Co., et al. v. Zurich Am. Ins. Co., et al.*
Order on FRCP 12(c) Motion to Dismiss
Page 4 of 16

Case 1:24-cv-00007-SLG    Document 57    Filed 04/16/25    Page 4 of 16

powers and remedies under this Agreement.  Indemnitors ratify and confirm all acts taken by Surety and its designees as such attorney-in-fact and agree to protect and hold harmless Surety and its designees for all such acts.[13]

**B.     Disputes Related to the Shelter Cove Project Arise.**

In the summer and fall of 2017, after construction began, disputes arose between MCC and DOT&PF related to the Shelter Cove Project.  In July 2017, MCC "had overrun the design estimates of earthen quantities" and KE prepared a request for an equitable adjustment to the construction contract on behalf of MCC, which DOT&PF denied.[14]  On September 25, 2017, DOT&PF issued to MCC a Notice of Default and Notice to Cure.[15]  Ultimately, on December 30, 2017, DOT&PF terminated the construction contract with MCC for default.[16]  DOT&PF also issued a Notice of Transfer of Work to the Sureties, who then solicited bids for the completion of the Shelter Cove Project and, in June 2018, engaged a different contractor to finish the project.[17]

**C.     MCC Sought Redress Against DOT&PF in Administrative Proceedings.**

In response to its termination, MCC filed claims against DOT&PF, including a claim that the termination for default was wrongful and should instead be a

---

[13] Docket 18-1 at ¶ 17.

[14] Docket 1-1 at ¶¶ 12–13.

[15] Docket 1-1 at ¶ 14.

[16] Docket 1-1 at ¶ 17.

[17] Docket 1-1 at ¶¶ 17, 23–24.

Case No. 1:24-cv-00007-SLG, *Miller Constr. Co., et al. v. Zurich Am. Ins. Co., et al.*
Order on FRCP 12(c) Motion to Dismiss
Page 5 of 16
Case 1:24-cv-00007-SLG     Document 57     Filed 04/16/25     Page 5 of 16

termination for convenience, which DOT&PF denied.[18] Plaintiffs allege that the law firm of Schlemlein, Fick, and Franklin, PLLC ("SF&F"), who represented MCC in its claims against DOT&PF, requested that KE prepare an engineering report to support MCC's claims.[19] When DOT&PF denied MCC's claims, MCC appealed to the Commissioner of DOT&PF, who referred the appeal to the Alaska Office of Administrative Hearings.[20] Administrative Law Judge Slotnick heard the appeal and issued a decision finding that DOT&PF's termination of MCC was wrongful; that DOT&PF was liable for breach of contract; that DOT&PF owed damages to MCC for termination for convenience; and that these damages would be determined in the next phase of the proceeding.[21]

Before the damages phase began, on April 6, 2022, DOT&PF, pursuant to Alaska Statute § 36.30.631(b) and its companion rule Alaska Rule of Civil Procedure 68(a), served on MCC an offer of judgment for $7.5 million ("the Offer").[22] On April 18, 2022, MCC's counsel, Garth Schlemlein of SF&F,

---

[18] Docket 1-1 at ¶¶ 18–19.

[19] Docket 1-1 at ¶¶ 20–21.

[20] Docket 1-1 at ¶ 26.

[21] Docket 1-1 at ¶¶ 26, 33.

[22] Docket 1-1 at ¶ 35.

Case No. 1:24-cv-00007-SLG, *Miller Constr. Co., et al. v. Zurich Am. Ins. Co., et al.*
Order on FRCP 12(c) Motion to Dismiss
Page 6 of 16
Case 1:24-cv-00007-SLG   Document 57   Filed 04/16/25   Page 6 of 16

accepted[23] the Offer.[24] And, on April 21, 2022, Judge Slotnick entered a final decision for MCC in the amount of $7.5 million.[25] DOT&PF duly wired the $7.5 million settlement, less $1,195,658.59 in obligations MCC owed to the Internal Revenue Service, to MCC.[26] The remaining settlement funds were allocated to the Sureties, SF&F, and an outstanding bank loan MCC then had.[27] MCC and KE did not receive any of the settlement proceeds.[28] When KE demanded compensation for its services, Schlemlein informed KE that SF&F had not retained KE and had elected not to seek recovery for KE's services in the administrative proceeding.[29]

Plaintiffs filed this lawsuit, alleging that the Sureties violated the covenant of good faith and fair dealing and acted negligently by accepting the Offer even

---

[23] The Court takes judicial notice of the signed MCC Acceptance of Offer of Judgment at Docket 38-1 as it is a matter of public record. *See Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("We may take judicial notice of records and reports of administrative bodies." (internal quotation marks and citation omitted)); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take [judicial] notice of proceedings in other courts . . . ." (internal quotation marks and citation omitted)).

[24] Although the Complaint alleges that Zurich, not MCC, accepted the Offer of Judgment, Docket 1-1 at ¶ 38, the acceptance of the Offer is signed by MCC's attorney, Docket 38-1; *see also Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) ("When considering a motion for judgment on the pleadings, this court may consider facts that are contained in materials of which the court may take judicial notice." (internal quotation marks and citation omitted)).

[25] Docket 1-1 at ¶ 39.

[26] Docket 1-1 at ¶¶ 40–41.

[27] Docket 1-1 at ¶¶ 42, 45, 46.

[28] Docket 1-1 at ¶ 46.

[29] Docket 1-1 at ¶ 48.

Case No. 1:24-cv-00007-SLG, *Miller Constr. Co., et al. v. Zurich Am. Ins. Co., et al.*
Order on FRCP 12(c) Motion to Dismiss
Page 7 of 16
Case 1:24-cv-00007-SLG   Document 57   Filed 04/16/25   Page 7 of 16

though they knew or should have known that MCC was entitled to substantially more damages from DOT&PF.[30] Further, they allege that SF&F breached its contract with MCC by charging an excessive fee, violated its professional duties, and breached an implied contract in the manner it handled the Offer.[31] Finally, Plaintiffs assert that all Defendants were unjustly enriched because they received the benefits of KE's services without payment.[32]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law."[33] When considering a motion for judgment on the pleadings, a court may consider documents relied on in a complaint as well as "facts that are contained in materials of which the court may take judicial notice" without converting the motion for judgment on the pleadings to one for summary judgment.[34] A court "accept[s] all factual allegations in the complaint as true and construe[s] them in the light most

---

[30] Docket 1-1 at ¶¶ 51–58.

[31] Docket 1-1 at ¶¶ 59–71.

[32] Docket 1-1 at ¶¶ 72–76.

[33] *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

[34] *Lee*, 250 F.3d at 688–89; *Heliotrope Gen., Inc.*, 189 F.3d at 981 n.18 (internal quotation marks and citation omitted).

Case No. 1:24-cv-00007-SLG, *Miller Constr. Co., et al. v. Zurich Am. Ins. Co., et al.*
Order on FRCP 12(c) Motion to Dismiss
Page 8 of 16
Case 1:24-cv-00007-SLG    Document 57    Filed 04/16/25    Page 8 of 16

favorable to the non-moving party."[35] However, a court "need not . . . accept as true allegations that contradict matters properly subject to judicial notice."[36] As is the case here, a court's judicial notice of matters contrary to the complaint's allegations can prove fatal to the complaint.[37]

## DISCUSSION

The Sureties move to dismiss the three causes of action asserted against them: breach of the covenant of fair dealing, negligence, and unjust enrichment.[38]

### A. Plaintiffs' Claims of Breach of the Covenant of Fair Dealing and Negligence Fail as a Matter of Law.

The Sureties assert that Plaintiffs' claims for breach of the covenant of fair dealing and negligence are both predicated on the theory "that the Sureties acted improperly in accepting DOTPF's Offer of Judgment when they should have known that MCC was entitled to additional money."[39] The Sureties assert that both claims fail because the Complaint "does not allege what duty the Sureties owed to MCC or from where that duty arose."[40] The Sureties maintain that no duty can arise from the Indemnity Agreement because "an aggrieved party . . . cannot assert

---

[35] *Herrera*, 953 F.3d at 1068.

[36] *Sprewell,* 266 F.3d at 988.

[37] *Id.* at 988-89.

[38] Docket 38 at 17.

[39] Docket 38 at 17.

[40] Docket 38 at 17.
Case No. 1:24-cv-00007-SLG, *Miller Constr. Co., et al. v. Zurich Am. Ins. Co., et al.*
Order on FRCP 12(c) Motion to Dismiss
Page 9 of 16

affirmative claims for relief against a surety based upon the surety exercising its rights under the indemnity agreement."[41] The Sureties also maintain that "the Indemnity Agreement expressly provided the Sureties with the absolute and unconditional right to settle MCC's claims."[42] Further, the Sureties maintain that MCC's allegation that the Sureties accepted DOT&PF's Offer of Judgment is contradicted by the SF&F-signed Acceptance of the Offer and thus cannot support Plaintiffs' claims of breach of the covenant of good faith or negligence.[43] Additionally, the Sureties assert that these two claims should be dismissed because MCC cannot seek damages for sums that were contractually assigned to the Sureties pursuant to the Indemnity Agreement.[44]

Plaintiffs respond that under Alaska law, "every contract is subject to the implied covenant of good faith and fair dealing."[45] Therefore, the "obligation of good faith and fair dealing is implied in indemnity (surety) contracts."[46] In Plaintiffs' view, the Indemnity Agreement's provision giving the Sureties the right to settle claims also requires the Sureties to settle the claims in good faith and only after a

---

[41] Docket 38 at 24 (citing *Masterclean, Inc. v. Star Ins. Co.*, 556 S.E.2d 371, 376 (S.C. 2001)).

[42] Docket 38 at 26.

[43] Docket 38 at 25–26.

[44] Docket 38 at 38–39.

[45] Docket 41 at 9 (first citing *ERA Aviation, Inc. v. Seekins*, 973 P.2d 1137, 1139 (Alaska 1999); and then citing *Guin v. Ha*, 591 P.2d 1281, 1291 (Alaska 1979)).

[46] Docket 41 at 10.

Case No. 1:24-cv-00007-SLG, *Miller Constr. Co., et al. v. Zurich Am. Ins. Co., et al.*
Order on FRCP 12(c) Motion to Dismiss
Page 10 of 16
Case 1:24-cv-00007-SLG   Document 57   Filed 04/16/25   Page 10 of 16

reasonable investigation of the claims.[47] Plaintiffs assert that they have plausibly alleged that the Sureties did not do so by accepting an offer of $7.5 million for claims that Plaintiffs allege were worth $16 million.[48] Plaintiffs further contend that the Complaint states a claim for negligence because it alleges that the Sureties had a duty to protect the rights and interests of MCC in resolving MCC's claims against DOT&PF.[49] And Plaintiffs insist that the Sureties, not MCC's counsel, accepted the Offer of Judgment because the Sureties had the right and power to settle and the Complaint plausibly alleges facts that show that MCC did not authorize the acceptance of the Offer.[50] Plaintiffs also submit that they adequately pled damages because they maintain that the Sureties can only recover "the amount or value which the surety has actually paid in discharge or satisfaction of the principal's indebtedness" with any excess due to Plaintiffs.[51]

Plaintiffs' claim for breach of the implied covenant of good faith and its negligence claim both fail because the Sureties did not accept the Offer of Judgment. The acceptance of the Offer of Judgment was signed by an attorney at SF&F, who was counsel for MCC, not the Sureties, demonstrating that MCC,

---

[47] Docket 41 at 14 (citing *Portland v. George D. Ward & Assocs., Inc.,* 750 P.2d 171, 175 (Or. Ct. App. 1988)).

[48] Docket 41 at 17; Docket 1-1 at ¶¶ 35-36, 38.

[49] Docket 41 at 20–22.

[50] Docket 41 at 22–25.

[51] Docket 41 at 25 (citing *Lincoln Cnty. v. E.I. Dupont De Nemours & Co.,* 32 S.W.2d 292, 295 (Mo. Ct. App. 1930)).

Case No. 1:24-cv-00007-SLG, *Miller Constr. Co., et al. v. Zurich Am. Ins. Co., et al.*
Order on FRCP 12(c) Motion to Dismiss
Page 11 of 16
Case 1:24-cv-00007-SLG    Document 57    Filed 04/16/25    Page 11 of 16

not the Sureties, accepted the Offer.[52]  In their opposition, Plaintiffs acknowledge this fact.[53]  As a result, the breach of the covenant of good faith and negligence claims—which seek to impose liability on the Sureties for accepting the Offer of Judgment when MCC is alleging its claims were worth far more—are fatally flawed.  And although the Complaint alleges that "Zurich accepted the offer averring that it had authority to do so" under the right-to-settle provision of the Indemnity Agreement,[54] these allegations are belied by the signed acceptance of the Offer itself.  A court "need not . . . accept as true allegations that contradict matters properly subject to judicial notice."[55]  Plaintiffs submit that the Sureties effectively accepted the Offer of Judgment because they had the right to settle and that the Sureties are trying to have it both ways by relying on the right-to-settle provision to preclude their liability but also insisting they did not accept the Offer.  But, crucially, the right-to-settle provision specifies that the "Surety shall have the absolute and unconditional right and is authorized but not required to" settle claims against MCC arising out of the Shelter Cove Project.[56]  Similarly, the power of attorney provision "appoint[s] . . . Surety . . . as [MCC's] attorney-in-fact, with the right, but not the

---

[52] *See* Docket 38-1.

[53] Docket 41 at 24 ("MCC's attorney, Mr. Schlemlein, signed the Acceptance of the Offer of Judgment . . . .").

[54] Docket 1-1 at ¶ 38.

[55] *Sprewell,* 266 F.3d at 988.

[56] Docket 18-1 at ¶ 3.

Case No. 1:24-cv-00007-SLG, *Miller Constr. Co., et al. v. Zurich Am. Ins. Co., et al.*
Order on FRCP 12(c) Motion to Dismiss
Page 12 of 16
Case 1:24-cv-00007-SLG   Document 57   Filed 04/16/25   Page 12 of 16

obligation, to exercise all of the rights of Indemnitors . . . assigned . . . to Surety."[57] Although the Sureties could have exercised their rights in the Indemnity Agreement to accept the Offer, the Indemnity Agreement does not require them to do so. Because the Sureties did not accept DOT&PF's Offer of Judgment, the negligence and breach of covenant claims must be dismissed.[58]

**B.     Plaintiffs' Claim of Unjust Enrichment Must Be Dismissed.**

The Sureties further claim that Plaintiffs' cause of action for unjust enrichment related to KE's work fails as a matter of law because the Complaint does not allege "how any benefit was conferred on the Sureties when they were not a part of MCC's underlying administrative claim against DOTPF" or "why the Sureties should be responsible for KE's compensation when KE was retained by and acted on behalf of MCC and/or SF&F."[59] In their view, no financial benefit was conferred on the Sureties because they were not involved in the underlying litigation between MCC and DOT&PF.[60] Moreover, the Sureties insist that they did not receive a benefit because the Indemnity Agreement obliges MCC to reimburse the Sureties for any consultant fees.[61] Lastly, the Sureties claim that Plaintiffs have

---

[57] Docket 18-1 at ¶ 17.

[58] *See* Docket 43 at 8-11.

[59] Docket 38 at 18.

[60] Docket 38 at 39–40.

[61] Docket 38 at 41 (citing Docket 18-1 at ¶¶ 2, 30).

Case No. 1:24-cv-00007-SLG, *Miller Constr. Co., et al. v. Zurich Am. Ins. Co., et al.*
Order on FRCP 12(c) Motion to Dismiss
Page 13 of 16
Case 1:24-cv-00007-SLG     Document 57     Filed 04/16/25     Page 13 of 16

not alleged any inequitable conduct by the Sureties, because the Complaint contains no allegations that "the Sureties induced KE to perform work, directed KE's work, or implied that they would be responsible for KE's compensation."[62]

Plaintiffs respond that they have alleged facts that show KE's testimony and reports "were the most important factors in allowing [the Sureties] to be compensated" and that the Sureties benefitted from KE's work because, in its absence, they would not have received any compensation.[63]

A party seeking to recover for unjust enrichment must show: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable to retain it without paying the value thereof.[64]

Plaintiffs' unjust enrichment claim against the Sureties fails. The Sureties were not a party to the administrative action and appeal for which KE provided services. As Plaintiffs acknowledge in their opposition, "Paragraph 21 of the Complaint asserts that Schlemlein Fick & Franklin," rather than the Sureties, "had KE prepare an engineering report."[65] Although the outcome of the administrative

---

[62] Docket 38 at 41–42.

[63] Docket 41 at 27–28.

[64] *ResQSoft, Inc. v. Protech Sols., Inc.*, 488 P.3d 979, 989 (Alaska 2021).

[65] Docket 41 at 27.

Case No. 1:24-cv-00007-SLG, *Miller Constr. Co., et al. v. Zurich Am. Ins. Co., et al.*
Order on FRCP 12(c) Motion to Dismiss
Page 14 of 16
Case 1:24-cv-00007-SLG    Document 57    Filed 04/16/25    Page 14 of 16

action redounded to the benefit of the Sureties, KE could not plausibly have any expectations of payment from the Sureties when the Sureties were not parties in the underlying administrative appeal.[66]

Additionally, the claim fails because the Indemnity Agreement would have required MCC reimburse the Sureties for any payments made to KE in relation to the administrative action. The Indemnity Agreement provides that MCC "shall exonerate, indemnify, and hold [the Sureties] harmless from any and all liability and Loss," defined to include "consultant fees," such as those paid to KE.[67] In light of this provision, the Sureties could not have accepted and retained any benefit under such circumstances that would be inequitable because MCC was ultimately responsible for paying KE's fees.

## C. Leave to Amend Is Not Appropriate.

In their opposition to the motion to dismiss, Plaintiffs seek leave to amend if the Court finds dismissal of the Complaint is warranted.[68] When a complaint does not state a claim, the next inquiry is whether amendment can cure the defect.[69] Dismissal without leave to amend is appropriate if amendment would be futile.[70]

---

[66] *See Ware v. Ware*, 161 P.3d 1188, 1197 (Alaska 2007) (concluding an unjust enrichment claim lacked merit when the defendant was not involved in the underlying transaction).

[67] Docket 18-1 at ¶¶ 2, 30.

[68] Docket 41 at 28–29.

[69] *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 926 (9th Cir. 2012) (en banc).

[70] *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014).

Case No. 1:24-cv-00007-SLG, *Miller Constr. Co., et al. v. Zurich Am. Ins. Co., et al.*
Order on FRCP 12(c) Motion to Dismiss
Page 15 of 16
Case 1:24-cv-00007-SLG   Document 57   Filed 04/16/25   Page 15 of 16

Amendment may be considered futile when the claims lack a cognizable legal basis[71] or when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."[72] In this case, leave to amend is denied because the defects that require dismissal of Plaintiffs' claims cannot be remedied. The Sureties did not accept the Offer of Judgment and so can not be liable for breach or negligence based on the allegation that they did. And, with respect to Plaintiffs' unjust enrichment claim, KE cannot show that the Sureties inequitably retained a benefit without payment because MCC was ultimately responsible for that payment under the terms of the Indemnity Agreement.

## CONCLUSION

For the reasons set forth above, the Sureties' FRCP 12(c) Motion to Dismiss at Docket 38 is **GRANTED**. Plaintiffs' claims against Zurich American Insurance Company and Fidelity and Deposit Company of Maryland are **DISMISSED WITH PREJUDICE.**

DATED this 16th day of April, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[71] *See Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992).

[72] *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (internal quotation marks omitted).

Case No. 1:24-cv-00007-SLG, *Miller Constr. Co., et al. v. Zurich Am. Ins. Co., et al.*
Order on FRCP 12(c) Motion to Dismiss
Page 16 of 16
Case 1:24-cv-00007-SLG   Document 57   Filed 04/16/25   Page 16 of 16