IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MILLER CONSTRUCTION COMPANY, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>ZURICH AMERICAN INSURANCE COMPANY, *et al.*<br><br>        Defendants.<br><br>ZURICH AMERICAN INSURANCE, *et al.*,<br><br>        Counterclaimant/<br>        Third Party Plaintiffs,<br><br>        v.<br><br>MILLER CONSTRUCTION COMPANY, *et al.*,<br><br>        Counterclaim/<br>        Third Party Defendants. | Case No. 1:24-cv-00007-SLG |

**ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION**

Before the Court at 75 is Plaintiffs' Motion for Reconsideration. At Docket 74, this Court dismissed Plaintiff Miller Construction Company's ("MCC") claims for professional negligence.[1] The Court found that MCC could not show as a matter of law that it was injured by Defendants' purported act of professional negligence

---

[1] Docket 74 at 21.

in signing and accepting the offer of settlement, because the Sureties could have and would have accepted the offer pursuant to their authority to do so.[2]

Plaintiffs now seek reconsideration of that decision, maintaining that "[i]t cannot be said as a matter of law that MCC did not suffer any harm as a direct consequence of SF&F and Mr. Schlemlein wrongfully signing the 'MCC Acceptance of the Offer of Judgment' in violation of their duty to abide by MCC's decision to reject the Offer."[3] In MCC's view, it was harmed because SF&F and Mr. Schlemlein's conduct prelcuded MCC "from pursuing a higher settlement because of this breach of duty, [and] this breach also resulted in the Court dismissing MCC's valuable claim against the Sureties for losses sustained as a result of the Sureties' violation of the covenant of good faith and fair dealing."[4] MCC also maintains that it "should not be precluded from presenting alternate acts of professional negligence at summary judgment" because the discovery deadline was extended in this case.[5]

Under Local Rule 7.3, "a court ordinarily will deny a motion for reconsideration absent a showing of . . . (A) manifest error of the law or fact; (B) discovery of new material facts not previously available; or (C) intervening change

---

[2] Docket 74 at 14-15.

[3] Docket 75 at 2-3.

[4] Docket 75 at 3.

[5] Docket 75 at 3 n.7.

Case No. 1:24-cv-00007-SLG, *Miller Construction Co., et al. v. Zurich Am. Insurance Co., et al.*
Order on Plaintiffs' Motion for Reconsideration
Page 2 of 3
Case 1:24-cv-00007-SLG   Document 76   Filed 01/13/26   Page 2 of 3

in the law."[6] Plaintiffs maintain that the Court manifestly erred in dismissing MCC's professional negligence claim. The Court disagrees and finds no manifest error. The only basis for MCC's professional negligence claim as alleged in its operative complaint was that Defendants breached their duty of professional negligence by accepting the settlement offer against MCC's wishes. However, MCC cannot show that Defendants' actions caused their purported injuries, as the Sureties expressly indicated that they approved the settlement regardless of MCC's consent, which the Sureties had the authority to do. As such, Plaintiff's Motion for Reconsideration at Docket 75 is DENIED.

DATED this 13th day of January, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[6] D. Alaska L.Civ.R. 7.3(h)(1).

Case No. 1:24-cv-00007-SLG, *Miller Construction Co., et al. v. Zurich Am. Insurance Co., et al.*
Order on Plaintiffs' Motion for Reconsideration
Page 3 of 3
Case 1:24-cv-00007-SLG    Document 76    Filed 01/13/26    Page 3 of 3